UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH M. WILSON,

        Plaintiff,

        v.

FACEBOOK.COM (META PLATFORMS, INC.),
MYTWINTIERS.COM (NEXTAR MEDIA GROUP, INC.),
WENY.COM (LILLY BROADCASTING LLC),
FINGERLAKESDAILYNEWS.COM (FINGER LAKES
RADIO GROUP, INC.), CHRONICLE-EXPRESS.COM
(GANNETT CO., INC.), WHEC.COM (HUBBARD
BROADCASTING, INC.), WYSL1040.COM (SAUGATUCK
BROADCASTING CO.), FINGERLAKES1.COM
(FINGERLAKES1.COM, INC.), ERIENEWSNOW.COM
(LILLY BROADCASTING LLC), NEWSBREAK.COM
(PARTICLE MEDIA, INC.), WHAM1180.IHEART.COM
(IHEARTMEDIA, INC.), STEUBEN COUNTY
SHERIFF'S DEPARTMENT,
JOHN DOES 1-10, JANE DOES 1-10,[1]

        Defendants.

**DECISION & ORDER**

6:25-CV-06380 EAW

---

*Pro se* plaintiff Joseph M. Wilson ("Plaintiff") brings this action pursuant to 42

U.S.C. § 1983. (Dkt. 1). He also filed a motion to proceed *in forma pauperis* ("IFP") (Dkt.

---

[1]      Throughout this Decision and Order, the Court refers to defendants Facbook.com (Meta Platforms, Inc.), MyTwinTiers.com (Nextar Media Group, Inc.), Weny.com (Lilly Broadcasting LLC), FingerLakesDailyNews.com (Finger Lakes Radio Group, Inc.), Chronicle-Express.com (Gannett Co., Inc.), Whec.com (Hubbard Broadcasting, Inc.), Wys11040.com (Saugatuck Broadcasting Co.), Fingerlakes1.com (Fingerlakes1.com, Inc.), ErieNewsNow.com (Lilly Broadcasting LLC), NewsBreak.com (Particle Media, Inc.) and Wham1180.IHeart.com (IHeartMedia, Inc.) and their websites as "the media company defendants."

2), a motion for service by the United States Marshals Service ("USMS") (Dkt. 7), and a motion to compel (Dkt. 8).

The Court has reviewed Plaintiff's motion for IFP status (Dkt. 2), and it is granted. Because Plaintiff has been granted permission to proceed IFP, the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons that follow, all claims against the Steuben County Sheriff's Department are dismissed without leave to amend, and the complaint is otherwise dismissed with leave to amend. Plaintiff's motion for service (Dkt. 7) and motion to compel (Dkt. 8) are denied without prejudice.

## DISCUSSION

### I.    Legal Standards

#### A.    Review Under the IFP Statute

A court shall dismiss a complaint in a civil action filed IFP, if the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

#### B.    Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the

Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Lewis v. R.L. Vallee, Inc.*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual

- 3 -

allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C.     Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D.     Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might

- 4 -

be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999)).  But a court may deny leave to amend pleadings when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II.    Analysis

### A.    Federal Claims

#### 1.    The Media Company Defendants

Plaintiff alleges that the media company defendants violated his constitutional rights when they defamed him by republishing a Steuben County Sheriff's Department Facebook post about Plaintiff, which was then "amplifi[ed]" by other media companies.  (Dkt. 1 at 2-3).  Plaintiff contends the media company defendants further defamed him by failing to "retract[], correct[], apologize[] for, or even acknowledge[] the false and injurious content they circulated" after all charges against him were dismissed on June 28, 2024.  (*Id.* at 2).

The Second Circuit has held that defamation, typically a state-law claim, may under certain circumstances rise to a constitutional dimension.  *Balentine v. Tremblay*, 554 F. App'x 58, 60-61 (2d Cir. 2014).  But to assert a constitutional claim, Plaintiff "must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks and citation omitted).  This is "[b]ecause the United States Constitution regulates only the Government, not private

- 5 -

parties[.]" *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991).

The actions of a private corporation only constitute state action "(i) when the private entity

performs a traditional, exclusive public function; (ii) when the government compels the

private entity to take a particular action; or (iii) when the government acts jointly with the

private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019)

(internal citations omitted); *Brock v. Zuckerberg*, No. 20-cv-7513 (LJL), 2021 WL

2650070, at *3 (S.D.N.Y. June 25, 2021) (same).

Neither the complaint nor the attachments thereto support an inference that the

actions of the media company defendants constituted state action. Specifically, Plaintiff

does not plausibly allege non-conclusory facts showing that the media company defendants

were performing a traditional, exclusive public function; that the Steuben County Sheriff's

Department compelled the reposting of its Facebook post; or that the Sheriff's Department

acted jointly with any of the media company defendants. Although Plaintiff asserts that

his "case stems from a coordinated campaign of reputational and constitutional harm,"

(Dkt. 1 at 2), "[a] merely conclusory allegation that a private entity acted in concert with a

state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello*

*v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). No facts in the complaint plausibly

suggest that the Steuben County Sheriff's Department acted "jointly" or "in concert with"

any of the media company defendants. Accordingly, the federal claims against the media

company defendants are dismissed. Because the Court cannot say at this stage that there

is "no set of facts" that might plausibly allege that the actions of the media company

defendants constituted state action, *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991), dismissal is with leave to amend.

### 2.     Steuben County Sheriff's Department

All claims against the Steuben County Sheriff's Department must be dismissed because "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Perros v. County of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) (citation modified); *D'Angelo v. Foertsch*, No. 25-CV-8600 (JGLC), 2025 WL 3034203, at *1 (S.D.N.Y. Oct. 30, 2025) (sheriff's office is "administrative arm" and cannot be sued); *Jones v. Reinbolt*, No. 19-CV-6672-CJS, 2020 WL 9460508, at *7 (W.D.N.Y. June 1, 2020) (noting dismissal of Steuben County Jail and the Sheriff's Office because "they 'are merely administrative arms' of Steuben County" (quoting *Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990))).  Because better pleading will not cure the defects, claims against the Steuben County Sheriff's Department are dismissed without leave to amend.[2]

### 3.     John and Jane Does

Plaintiff's must show that John or Jane Doe had personal involvement in an alleged constitutional violation.  *Tangreti*, 983 F.3d at 618; *see Lewis v. Thoms*, No. 21-CV-6738-

---

[2]     To the extent the instant complaint could be construed as asserted against Steuben County or a Steuben County official, it is worth noting that Plaintiff has asserted defamation and *Monell* claims arising from the same nucleus of facts in *Wilson v. Steuben County*, Case No. 6:25-CV-06197 (W.D.N.Y. Apr. 28, 2025) ("25-6197"). Plaintiff is cautioned that any claim in an amended complaint in this case that the Court deems duplicative of a claim already asserted in 25-6197 will be dismissed.

FPG, 2023 WL 35330, at *6 (W.D.N.Y. Jan. 4, 2023) (plaintiff's complaint "devoid of any allegations of personal involvement by [John Doe and Jane Doe]" and the claims against them were dismissed and they were terminated as parties to the action).  Because Plaintiff's allegations do not show any John or Jane Doe's personal involvement in an alleged constitutional violation, *Tangreti*, 983 F.3d at 618, all claims against the John and Jane Doe Defendants are dismissed, but with leave to amend.

### B.    State Law Claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims at this time pursuant to 28 U.S.C. § 1367(c).  *See Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citation omitted)).  Accordingly, Plaintiff's state law claims are dismissed without prejudice.

### CONCLUSION

For the reasons above, all claims against the Steuben County Sheriff's Department are dismissed without leave to amend, the complaint is otherwise dismissed with leave to amend.  The Court further denies Plaintiff's motion for service by USMS (Dkt. 7) and Plaintiff's motion to compel (Dkt. 8) without prejudice.

The amended complaint is due **no later than 45 days from the entry of this Decision and Order**.  It must be captioned as the "Amended Complaint" and must be drafted in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  The amended complaint will supersede and replace the complaint.  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, Plaintiff's amended complaint must include all of the necessary allegations so that the amended complaint stands alone as the sole complaint in this action.  The amended complaint will be subject to review by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B) before any claim will proceed to service.

The Court may dismiss any claims in an amended complaint that fail to cure the deficiencies identified above.  *See Williams v. Baxter*, No. 22-CV-6117-EAW, 2023 WL 5584345, at *3 (W.D.N.Y. Aug. 29, 2023) (after apprising the plaintiff of the deficiencies in his complaint and putting him on "the plainest notice of what was required," the court denied a second opportunity to amend (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978))).  The Court will also dismiss any claim in an amended complaint that is duplicative of claim asserted in *Wilson v. Steuben County*, Case No. 6:25-CV-06197 (W.D.N.Y. Apr. 28, 2025).

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above.  A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend.  *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

Plaintiff may attach exhibits to his amended complaint, but the Court will not independently examine exhibits that Plaintiff does not specifically reference in the complaint. *See Belardo v. Annucci*, No. 9:22-CV-0032 (DNH/ATB), 2022 WL 22889131, at *3 (N.D.N.Y. May 10, 2022) ("It is not the Court's responsibility to scour those exhibits and attempt to manufacture a cause of action from the information contained in those materials.") (referencing *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (noting that the court "need not manufacture claims of error for an appellant proceeding *pro se*") and *Cleveland v. Breslin*, No. 97-CV-0486, 1997 WL 275101, at *2 (N.D.N.Y. May 16, 1997) (declining to examine exhibits not specifically referenced)).

## **ORDER**

IT IS HEREBY ORDERED that all claims against the Steuben County Sheriff's Department are dismissed without leave to amend. The Clerk of Court shall terminate this Defendant; and it is further

ORDERED that the complaint is otherwise dismissed with leave to amend; and it is further

ORDERED that Plaintiff may amend as set forth above; his amended complaint is due **no later than 45 days from the entry of this Decision and Order**; and it is further

ORDERED that the Clerk of Court shall send to Plaintiff with this Decision and Order a copy of the complaint (Dkt. 1), a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by the deadline set by the Court, the Clerk of Court shall enter judgment in favor of Defendants and close this case as dismissed with prejudice; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing if his address changes.  Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   July 28, 2026
         Rochester, New York

- 11 -